IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LARONE J. SMITH and <br> LAMEKOS GOODWIN, <br><br> Plaintiffs, <br><br> v. <br><br> KANSAS DEPARTMENT OF HEALTH <br> AND ENVIRONMENT, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   Case No. 14-2499-EFM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### ORDER CORRECTING THE FILING OF A SUPPLEMENT TO THE COMPLAINT AND EXTENDING THE TIME PERIOD FOR SERVICE

This matter is presented for consideration on February 23, 2015. On January 29, 2015, the court ordered that plaintiffs must file any motion to amend the complaint no later than February 9. (Order, Doc. 12.) On February 12, plaintiff Larone J. Smith filed a document entitled "Amended Complaint." (Doc. 13.) However, for the reasons described below, that document is not a proper amended complaint and the court will consider Document 13 as a supplement to the plaintiffs' Complaint (Doc. 1).

First, Document 13 was untimely filed because it was filed after the deadline set in the January 29 Order and included no explanation for the delay. Additionally, the second named plaintiff, Lamekos Goodwin, did not sign the document. Because both plaintiffs

proceed pro se, Mr. Smith is not permitted to act as counsel for Mr. Goodwin[1] and any pleading which is intended to represent both parties' interests must then be signed by both parties.[2]  Finally, Document 13 fails to include a heading which properly names the parties against which plaintiffs make claims.[3]  Therefore, the court directs the Clerk to file Document No. 13 as a "Supplement" to plaintiffs' Complaint.

Plaintiffs' pursuit of this matter as pro se litigants is not an excuse for failure to follow the relevant rules.  District of Kansas Rule 83.5.4(g) requires that "any party appearing on his or her own behalf without an attorney is expected to read and be familiar with the Rules of Practice and Procedure of this court; the relevant Federal Rules of Civil Procedure, . . . and to proceed in accordance with them."  Plaintiffs are encouraged to review this ruling carefully and to study the guidelines and resource materials for self-represented litigants available at http://www.ksd.uscourts.gov/self-representation.  If plaintiffs have not already done so, they must contact the clerk's office to **obtain a copy of the Pro Se Guide**, in which they will find specific instructions on the filing of pleadings and how to achieve proper service.

Under Fed. R. Civ. P. 4(m), plaintiffs' time limit for service on defendants expired on February 3, 2015, which is 120 days after the filing of their complaint.  But Rule 4(m)

---

[1] *See Yarbary v. Martin, Pringle, Oliver, Wallace & Bauer, L.L.P.*, No. 12-2773-CM-DJW, 2013 WL 5587842, at *1 (D. Kan. Oct. 10, 2013) (citing *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299–1300 (10th Cir.2011)).
[2]  D. Kan. Rule 5.1(b).
[3] *See* Fed. R. Civ. P. 10 ("Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties . . . ."). *See also* Fed. R. Civ. P. 7(b)(2) ("The rules governing captions and other matters of form in pleadings apply to motions and other papers.").

*requires* the court to extend the service period if plaintiffs show good cause for their failure.[4]  Here, plaintiffs initiated the action as pro se parties and sought appointment of counsel on two occasions.[5]  Because these additional legal proceedings have caused necessary delay, the court finds good cause for plaintiffs' failure to timely serve the defendants and will therefore allow plaintiffs additional time.  Plaintiffs must serve all defendants no later than March 31, 2015.

**IT IS THEREFORE ORDERED** that the clerk's office shall docket Larone Smith's Document No. 13 filed February 12, 2015 as a Supplement to the plaintiffs' Complaint (Doc. 1).

**IT IS FURTHER ORDERED** that plaintiffs shall serve the defendants with the Complaint and the Supplement no later than **March 31, 2015**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 23rd day of February 2015.

 s/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[4] Fed. R. Civ. P. 4(m).  "But if the plaintiff shows good cause for the failure, the court <u>must</u> extend the time for service for an appropriate period." (emphasis added)

[5] *See* Motion to Appoint Counsel (Doc. 3), which required supplementation (Docs. 4, 7).  *See also* Motion to Appoint Counsel (Doc. 11) and Order (Doc. 12).