IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LARONE J. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-2499-EFM |
| ) | |
| KANSAS DEPARTMENT OF HEALTH ) | |
| AND ENVIRONMENT, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on three motions:

1) Plaintiff's motion for discovery (Doc. 30);

2) Defendant Erin Hayter's motion for stay of discovery and other pretrial deadlines (Doc. 36); and

3) Plaintiff's (third) motion for appointment of counsel (Doc. 39).

For the reasons set forth below, plaintiff's motions (Docs. 30, 39) are DENIED and defendant's motion to stay (Doc. 36) is GRANTED.

**I.    Plaintiff's Motion for Discovery (Doc. 30) and Defendant Erin Hayter's Motion for Stay of Discovery and Other Pretrial Deadlines (Doc. 36)**

Plaintiff seeks a court order requiring Ms. Hayter to disclose all information and communications between defendants and plaintiff, his wife, and his wife's corporation.

He also requests that Ms. Hayter produce all complaints or disciplinary actions lodged against her in her position with the State of Kansas.

In addition to her concerns regarding which defendant is being asked to produce documents and which communications plaintiff seeks, Ms. Hayter correctly notes that the Federal Rules of Civil Procedure provide a mechanism for discovery which does not require plaintiff to initiate court action.[1]  Ms. Hayter requests that the court stay all discovery and pretrial deadlines until after her dispositive motion (Doc. 31) has been decided.  Currently, two motions to dismiss[2] are ripe for decision by District Judge Eric F. Melgren which, if granted, would dispose of all claims asserted in this case.

A decision on whether to stay discovery rests in the sound discretion of the court.[3] Although the general policy of this district is to proceed with discovery during the pendency of dispositive motions,[4] there are recognized exceptions to this general rule. The court may stay discovery pending ruling on a dispositive motion "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[5]

---

[1] See Fed. R. Civ. P. 26 ("General Provisions Regarding Discovery"), Rule 33 ("Interrogatories to Parties"), Rule 34 ("Producing Documents, Electronically Stored Information, and Tangible Things") and Rule 36 ("Requests for Admission").

[2] See Defendant Hayter's Motion to Dismiss, Doc. 31 (filed May 8, 2015); and the remaining Defendants' Joint Motion to Dismiss, Doc. 52 (filed May 28, 2015).

[3] *See Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990); *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. 202*, 2006 WL 681124, at *1 (D. Kan. March 14, 2006).

[4] *Kutilek*, 132 F.R.D. at 297.

[5] *Randle v. Hopson*, No. 12-CV-2497-KHV-DJW, 2013 WL 120145, at *1 (D. Kan. Jan. 9, 2013).

After consideration of these factors, the court finds that a stay of discovery and other pretrial deadlines is appropriate.  Although the dispositive issues are not before the undersigned U.S. Magistrate Judge, it appears likely that the case may be concluded as a result of the pending dispositive motions.  Additionally, the facts sought through discovery would not affect the ruling on the motions to dismiss.  Given the lack of immediate necessity of discovery, allowing plaintiff to proceed with unrestricted discovery would be wasteful and burdensome to defendants.  This case has not yet proceeded to a scheduling conference, and if the case survives the motions to dismiss, plaintiff will not be significantly burdened by a brief stay of all deadlines.

**IT IS THEREFORE ORDERED** that plaintiff's motion for discovery (**Doc. 30**) is **DENIED** and defendant Erin Hayter's motion for stay of discovery and other pretrial deadlines (**Doc. 36**) is **GRANTED.**  All discovery and pretrial deadlines are hereby stayed pending resolution of the pending motions to dismiss.

## II. Plaintiff's Motion for Appointment of Counsel and Request for Hearing (Doc. 39)

Plaintiff has twice previously requested[6] that the court appoint counsel to assist him in pursuing his claims.  In this most recent motion, plaintiff complains that the state defendants have unlimited access to government funds and that this creates an uneven playing field for plaintiff.  However, he offers no additional grounds under the *Castner v.*

---

[6] *See* Motion to Appoint Counsel (Doc. 3); Memorandum and Order granting provisional counsel (Doc. 10); Motion to Appoint Counsel (Doc. 11); and Order Rescinding Provisional Appointment of Counsel (Doc. 12).

*Colorado Springs Cablevision*[7] framework which support reconsideration of the court's previous order denying representation. (Doc. 12)  Given the procedural posture of this case and the pending dispositive motions, the court declines to appoint counsel at this time.  Additionally, the court finds that oral argument would not assist the court in its decision.

**IT IS THEREFORE ORDERED** that plaintiff's motion for appointment of counsel and request for hearing (**Doc. 39**) is **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 23rd day of June 2015.

 s/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[7] *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417 (10th Cir. 1992). *See* discussion of the *Castner* factors in the previous Memorandum and Order, Doc. 10.

4