# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LARONE J. SMITH,

      *Plaintiff,*

vs.

      Case No. 14-2499-EFM-KMH

KANSAS DEPARTMENT
FOR CHILDREN AND FAMILIES, *et al.*,

      *Defendants.*

## MEMORANDUM AND ORDER

Plaintiff Larone Smith filed suit against the Kansas Department of Children and Families and four state employees, alleging sex discrimination and a hostile work environment under Title VII. Smith operated a boys group home under a provider agreement, which was ultimately not renewed by the Department of Children and Families. Generally, Smith alleges that female staff members discriminated against him and harassed him because he is a black male. Defendants have filed motions to dismiss, which are now before the Court. Smith has filed five motions, including a motion for reconsideration of the Court's denial of his application for clerk's entry of default. Because Smith has not exhausted his administrative remedies, the Court lacks subject-matter jurisdiction. Accordingly, the Court grants Defendants' motions to dismiss (Docs. 31, 52). The Court lacks jurisdiction to consider four of Smith's motions and denies his motion for reconsideration (Doc. 60).

## I. Factual and Procedural Background

Plaintiff Larone Smith operated Segue Boys Youth Residence, a group home providing foster care services under a provider agreement with the Kansas Department of Children and Families (DCF). Smith describes a series of negative interactions with staff members from the DCF and the Kansas Department of Health and Environment (KDHE), which led him to contact representatives of the Equal Employment Opportunity Commission (EEOC) and the Kansas Human Rights Commission in August 2014. No charge was filed with either agency.

In October 2014, Smith filed a complaint against the DCF, the KDHE, and 10 female staff members, generally describing harassment, discrimination, and intimidation by state agency employees. The complaint alleged harassment and civil rights violations, accusing staff members of making false allegations that led to Segue being suspended from taking new referrals. In December 2014, the DCF notified Smith that it would not be entering into a new provider agreement for Segue Boys Youth Residence. In February 2015, the KDHE sent a notice of non-compliance, citing Segue staff for not taking a 16-year-old foster child to seek medical treatment for a broken foot in November 2014.

In April 2015, the magistrate in this case ordered Smith, representing himself pro se, to provide a more definite statement of his allegations. Eleven days later, Smith filed a document docketed as an amended complaint (Doc. 26) that specifically alleged sex discrimination and a hostile work environment under Title VII. Four days after that, the Court dismissed the KDHE and six employees as defendants for lack of prosecution (Doc. 27). In May 2015, this Court issued an Order clarifying the parties remaining in the suit (Doc. 34). After this Order, the remaining five defendants are the DCF, KDHE social worker Erin Hayter, and DCF employees Jill Dixon, Kimber Spences, and Amy Newman. Smith is the sole remaining plaintiff.

In May 2015, Hayter filed a motion to dismiss (Doc. 31), and the four DCF defendants filed a joint motion to dismiss (Doc. 52). Smith filed a Motion to Resolve Sex Discrimination and Hostile Work Environment (Doc. 47) and a Motion for KDHE Being an Employer of SBYR (Doc. 50). In June 2015, Smith filed an Application for Clerk's Entry of Default against the DCF and the three DCF employees, which was denied by this Court by text entry. Smith has filed a Motion for Reconsideration (Doc. 60) of that decision as well as a Motion to Find Defendant the Employer (Doc. 63) and a Motion to Find Defendants in Violation of Provider Agreement/Contract (Doc. 64). Seven pending motions are ripe for this Court's consideration.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), a court may dismiss a complaint based on lack of jurisdiction over the subject matter of the complaint. Because federal courts are courts of limited jurisdiction, they presume a lack of jurisdiction.[1] Plaintiffs bear the burden of alleging sufficient facts to overcome this presumption.[2]

Under Rule 12(b)(6), a defendant may move for dismissal of any claim where the plaintiff has failed to state a claim upon which relief can be granted. On such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' "[3] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[4] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of

---

[1] *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

[2] *Id.*

[3] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 566 U.S. at 556).

the nature of claims as well as the grounds on which each claim rests.[5] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint but need not afford such a presumption to legal conclusions.[6] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' "[7]

Because Smith is pro se, the Court is mindful of considerations for an unrepresented plaintiff. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," but the court will not "assume the role of advocate for the pro se litigant."[8] To avoid dismissal, the pro se complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action . . . [and] must allege sufficient facts to state a claim which is plausible—rather than merely conceivable—on its face."[9]

### III. Analysis

Defendants argue for dismissal for two reasons: 1) lack of subject-matter jurisdiction for failure to exhaust administrative remedies, and 2) failure to state a claim upon which relief can be granted because Defendants are not Smith's employers under Title VII. Defendant DCF also alleges insufficient service of process. Before it can address the other issues, the Court must consider Defendants' first argument as it concerns the Court's jurisdiction to hear this case.

---

[5] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008); see also Fed. R. Civ. P. 8(a)(2).

[6] *Iqbal*, 556 U.S. at 678-79.

[7] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 566 U.S. at 570).

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008).

### A. Exhaustion of Administrative Remedies

Smith's filing of April 24, 2015, which was docketed as an Amended Complaint, alleges sex discrimination and hostile work environment under Title VII. The narrative also suggests race discrimination under Title VII. Federal courts are courts of limited subject-matter jurisdiction.[10] As a court of limited jurisdiction, this Court " 'may only hear cases when empowered to do so by the Constitution and by act of Congress.' "[11] Title VII specifically gives the Court subject-matter jurisdiction as a general matter in 42 U.S.C. § 2000e-5(f)(3). But as a condition to filing suit in federal court, Title VII requires a plaintiff to submit a "charge" to the Equal Employment Opportunity Commission, and that submission must "be in writing under oath or affirmation."[12] The Tenth Circuit has held that the exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII.[13] And exhaustion requires "the filing of a charge of discrimination with the EEOC."[14] A charge also may be filed with a corresponding state agency, in this case the Kansas Human Rights Commission.[15] Title VII requires that a plaintiff must obtain a right-to-sue letter from the EEOC before filing suit in federal court, which must be done within 90 days of receiving the letter.[16]

---

[10] *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015).

[11] *Id.* (quoting *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004).

[12] 42 U.S.C. § 2000e-5(b); *Gad*, 787 F.3d at 1035-36.

[13] *Bertsch v. Overstock.com*, 684 F.3d 1023, 1030 (10th Cir. 2012) (citing *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005)).

[14] *Gad*, 787 F.3d at 1036 (quoting *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007)).

[15] 42 U.S.C. § 2000e-5(e)(1); *Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1260 n.3 (10th Cir. 1998); *Jones v. Maritz Research Co.*, 2014 WL 6977935, at *4 (D. Kan. Dec. 9, 2014).

[16] *Shikles*, 426 F.3d at 1309; *Kinney v. Blue Dot Servs. of Kan.*, 505 F. App'x 812, 814 (10th Cir. 2012).

Rule 12(b)(1) permits a party to move for the dismissal of any claim if the court lacks subject-matter jurisdiction.[17] A federal court cannot obtain jurisdiction over a suit brought under Title VII unless the plaintiff first exhausts administrative remedies for each discrete discriminatory or retaliatory act.[18] The burden of proof is on the plaintiff to allege sufficient facts that he exhausted the applicable administrative remedies.[19] A district court must dismiss unexhausted claims for lack of subject-matter jurisdiction.[20] The first step of determining whether a plaintiff exhausted his administrative remedies involves determining whether the plaintiff filed an EEOC charge.[21]

Here, Smith has not produced a right-to-sue letter from the EEOC. In his original complaint, Smith indicated that he contacted the EEOC and the Kansas Human Rights Commission and "was told that neither KDHE or DCF fall under their jurisdiction."[22] In response to the motions to dismiss, Smith admitted that he had not filed a charge with the EEOC.[23] Because Smith did not exhaust administrative remedies for his Title VII discrimination allegations, this Court lacks subject-matter jurisdiction over his claims. Accordingly, the Court must grant Defendants' motions to dismiss all of Smith's claims under Rule 12(b)(1).

---

[17] Fed. R. Civ. P. 12(b)(1).

[18] *Annett v. Univ. of Kan.,* 371 F.3d 1233, 1238 (10th Cir. 2004).

[19] *McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1106 (10th Cir. 2002).

[20] *Shikles*, 426 F.3d at 1318.

[21] *Jones*, 502 F.3d at 1183.

[22] Civil Complaint, Doc. 1, at 8.

[23] *See* Response, Doc. 42, at 3 ("I cannot file a complaint with the KHRC or the EEOC, this is per both agencies. I [talked] with a representative in August of 2014 about filing a complaint against KDHE and DCF with the KHRC and the EEOC. Both agencies representatives stated to me that I could not file complaints with them. The representatives from both of the agencies EEOC and KHRC stated to me that this is a private matter and that I needed to get an attorney and file a lawsuit but they could not help me.").

As a result, the Court will not address Defendants' other arguments of failure to state a claim and insufficient process. The Court simply lacks the authority to consider these issues due to lack of subject-matter jurisdiction. Smith has filed five other motions, four of which are denied as moot, again, because of lack of subject-matter jurisdiction to consider them.

### B. Motion for Reconsideration

Smith filed a Motion Objecting to Ruling, which was docketed as a motion for reconsideration (Doc. 60) of this Court's Order denying his request for a Clerk's Entry of Default.[24] A motion to reconsider a non-dispositive order must be based on: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."[25] Smith argues that the clerk should have entered default against Defendants DCF, Dixon, Newman, and Spences when they failed to answer by April 25, 2015. Smith's argument is based on the text of Rule 55(a), which states: "When a party against whom a judgment for affirmative relief is sought and has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[26] Smith argues that he should not have been required to apply for a Clerk's Entry of Default and default should have been entered automatically.

---

[24] Order, Doc. 59 (text entry only) ("FRCP 55(a) states a Clerk's Entry of Default may be requested if defendants have failed to plead or otherwise defend. Here a Clerk's Entry was requested on 6/2/2015, however the defendants for which the Clerk's Entry is requested filed their Motion to Dismiss on 5/28/2015. This Motion to Dismiss satisfies the "otherwise defend" language of FRCP 55(a). Therefore, the Court denies Plaintiff's request for the Clerk's Entry of Default.").

[25] D. Kan. Rule 7.3(b).

[26] Fed. R. Civ. P. 55(a).

The Tenth Circuit has rejected this argument.[27] Default is not automatically entered just because a party fails to answer within 20 days.[28] The Tenth Circuit has interpreted Rule 55(a) as requiring a two-step process for obtaining a default judgment.[29] First, the party seeking default must apply to the clerk for an entry of default under Rule 55(a), which requires the movant to prove, by affidavit or otherwise, that the opposing party has failed to plead or otherwise defend against judgment for affirmative relief.[30] Only after the clerk enters default may the plaintiff move for an entry of default judgment under Rule 55(b) by applying to either the clerk or the court.[31]

Here, as recounted in the Court's Order by text entry (Doc. 59), Defendants' joint motion to dismiss (Doc. 52) was filed before Smith's application for clerk's entry of default (Doc. 58). Therefore, at the time of Smith's application, he failed to show that Defendants were in default because a motion to dismiss constitutes "otherwise defend[ing]" an action under Rule 55(a).[32] Because Smith has not presented the Court with an intervening change in the law, new evidence, or the need to correct clear error, the Court denies Smith's motion for reconsideration.

---

[27] *Williams v. Smithson*, 1995 WL 365988, at *1 (10th Cir. June 20, 1995).

[28] *Id.* ("Specifically, Plaintiff argues that because Defendants failed to answer within twenty days as required by Rule 12(a)(1)(A), the district court should have automatically granted default judgment in his favor. We disagree.").

[29] *Id.*

[30] Fed. R. Civ. P. 55(a); *see also Christenson Media Grp. v. Lang Indus., Inc.*, 782 F. Supp. 2d 1213, 1222 (D. Kan. 2011).

[31] *Christenson*, 782 F. Supp. 2d at 1222.

[32] *See Guttman v. Silverberg*, 167 F. App'x 1, 4 (10th Cir. 2005) (finding no reversible error in district court declining to enter default when motion to dismiss preceded motion for entry of default); *Akers v. Sandoval*, 1996 WL 635309, at *3 (10th Cir. Nov. 4, 1996) ("A motion to dismiss constitutes defending an action within the meaning of Fed. R. Civ. P. 55(a).").

-8-

**IT IS THEREFORE ORDERED** that Defendant Hayter's Motion to Dismiss (Doc. 31) and Defendants' Joint Motion to Dismiss (Doc. 52) are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Resolve Sex Discrimination and Hostile Work Environment Lawsuit (Doc. 47), Motion for KDHE Being an Employer of SBYR (Doc. 50), Motion to Find Defendant the Employer (Doc. 63), and Motion to Find Defendants in Violation of Provider Agreement/Contract (Doc. 64) are **DENIED** for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Objecting to Ruling (Motion for Reconsideration) (Doc. 60) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 25th day of August, 2015.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE